IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PARKER-HANNIFIN CORP.<br>6035 Parkland Boulevard<br>Cleveland, OH  44124<br><br>and<br><br>PARKER INTANGIBLES, LLC.<br>6035 Parkland Boulevard<br>Cleveland, OH  44124<br><br>        PLAINTIFFS<br><br>v.<br><br>FASTER, INC.<br>6560 Weatherfield Court<br>Maumee, OH  43537<br><br><br>FASTER Srl<br>Via Ludovico Ariosto, 7<br>26027 Rivolta d'Adda<br>CR, Italy<br><br>and<br><br>HELIOS TECHNOLOGIES, INC.<br>7456 Sixteenth Street East<br>Sarasota, FL  34243<br>        DEFENDANTS | CASE NO.: _____<br><br>JUDGE: _____<br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT FOR**<br>**PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

For their Complaint herein, Plaintiffs, Parker-Hannifin Corporation ("Parker") and Parker Intangibles, LLC ("PI"), aver as follows:

1. This is an action in law and equity for patent infringement by Defendants, Faster, Inc., Faster Srl, and Helios Technologies, Inc., of U.S. Patent No. 7,568,502 entitled "Coupling For A Hydraulic or Pneumatic Assembly" ("the '502 Patent") issued August 4, 2009, and U.S.

1

Patent No. 11,435,018 ("the '018 Patent"), entitled "Hydraulic Multi-Coupling with Independent Single Handle Rotational Disconnect" issued September 6, 2022, in violation of the Patent Laws of the United States as set forth in 35 U.S.C. § 271 and § 281 to § 285. True and correct copies of the '502 Patent and the '018 Patent are attached hereto as EXHIBITS 1 and 2 and incorporated herein by reference.

2. Parker is a corporation organized and existing under the laws of the state of Delaware and having its principal place of business at 6035 Parkland Boulevard, Cleveland, Ohio 44124-4141. Parker, through its Quick Coupling Division, is a leading global manufacturer of hydraulic and pneumatic quick coupling products including push-to-connect, thread-to-connect, connect-under-pressure and non-spill configurations for virtually every industrial and mobile application.

3. PI is a limited liability company organized and existing under the laws of the state of Delaware and having its principal place of business at 6035 Parkland Boulevard, Cleveland, Ohio 44124-4141.

4. Faster, Inc., an Ohio corporation located at 6560 Weatherfield Court in Maumee, OH 43537, is a manufacturing/assembly facility for Faster Srl.

5. Faster Srl, which is headquartered at Via Ludovico Ariosto, 7, 26027 Rivolta d'Addain, CR, Italy, develops and produces a wide range of quick release couplers ranging from medium to very high pressure.

6. Upon information a belief, Faster Srl is a part of the Helios Technologies Group and is managed and coordinated by a parent company, Helios Technologies, Inc. ("Helios"). Helios is a global manufacturer of hydraulic and electronic solutions, having a regular and established place of business at 7456 Sixteenth Street East, Sarasota FL 34243.

7. Upon information and belief Faster Srl is wholly owned by Helios.

8. Upon information and belief, Faster, Inc. manufactures and/or assembles in the United States, and/or imports into the United States, and offers for sale and sells in the United States, quick-release couplings developed and produced by Faster Srl.

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1338(a).

10. This Court has personal jurisdiction over Faster, Inc. by its manufacture/assembly/importation and offers for sale and sales of quick-release couplings that literally infringe one or more claims of the '502 Patent and the '018 Patent, in this judicial district, as well as elsewhere, thereby establishing minimum contacts with this forum such that the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice.

11. Upon information and belief, both Faster Srl and Helios have and are inducing the manufacture/assembly/importation and offers for sale and sales by Faster, Inc., of quick-release couplings in this judicial district and elsewhere that literally infringe one or more claims of the '502 Patent and the '018 Patent.

12. Venue is proper in this district pursuant to 28 U.S.C.§1400(b) as to Faster, Inc. as it resides in this district.

13. Venue is also proper in this district pursuant to 28 U.S.C.§1400(b) as to Faster, Inc., as it has a regular place of business within this judicial district, and it has manufactured/assembled/imported offered for sale and sold products in this judicial district and elsewhere that literally infringe one or more claims of the '502 Patent and the '018 Patent.

14. Venue is proper in this district as Faster Srl under 28 U.S.C.§1391(c) (3) as it is an alien corporation and may be sued in any judicial district.

15. Venue is also proper in this district as to both Faster Srl, and to Helios, as they have jointly and severally induced the direct infringement of Faster, Inc. in this district.

16. By way of assignment from the inventor, Timothy T. Marquis, PI is the owner of all right, title and interest in and to the '502 Patent, which was duly and legally issued by the United States Patent Office, and at all relevant times in the past has been and remains in full force and effect.

17. The '502 Patent discloses and claims a coupling for hydraulic or pneumatic assembly comprising a pair of female couplers each independently movable within a respective housing bore among an operating position, a release position, and a coupling position.  See **EXHIBIT 1**.

18. By way of assignment from the inventor, Brian Foner, PI is the owner of all right, title and interest in and to the '018 Patent, which was duly and legally issued by the United States Patent Office on September 6, 2022, and at all relevant times in the past has been and remains in full force and effect.

19. The '018 Patent discloses and claims a multi-coupling assembly including a first female coupler and a second female coupler whereby the female couplers are independently operable. See **EXHIBIT 2.**

20. At all times relevant, Parker is and has been the exclusive licensee of both the '502 Patent and the '018 Patent, with all right to sue for past, present, and future infringement of each, and the right to seek injunctive relief and monetary damages.

21. Parker, through its Quick Coupling Division, offered for sale and sold an agricultural casting coupling with integrated cartridges and lever travel parallel to the coupling axis made under the claims of the '502 Patent ("Parker's Parallel Coupling").

22. As seen by way of non-limiting example in **EXHIBIT 3**, prepared using photographs of a Faster, Inc. coupling, Faster, Inc., currently manufactures and/or assembles and/or imports, offers for sale and sells, a coupling that has features/characteristics consistent with the elements of independent claims 1 and 11 and dependent claims 2-10 and 12-15 of the '502 Patent (the "Accused Parallel Coupling").

23. Sales of Parker's Parallel Coupling ended with Faster, Inc.'s sales of the Accused Parallel Coupling.

24. To meet the needs of a customer and others in the industry as expressed to Parker, Parker, through its Quick Coupling Division, conceived, designed, developed and reduced to practice an agricultural casting coupling with integrated cartridges and lever travel perpendicular to the coupling axis having the elements of the claims of the '018 Patent (Parker's Perpendicular Coupling").

25. After Parker provided prototypes of Parker's Perpendicular Coupling to that customer, Parker lost a bid to manufacture it for and sell it to that customer.

26. As seen by way of non-limiting example in **EXHIBIT 4**, prepared using photographs of a Faster, Inc. coupling, Faster, Inc., currently manufactures and/or assembles and/or imports, offered for sale and sells, a coupling that has features/characteristics consistent with the elements of at least independent claims 1, 11, and 12 and dependent claims 2-10 of the '018 Patent. (the "Accused Perpendicular Coupling").

27. Upon information and belief, the customer for which it conceived, designed, developed and reduced to practice the Parker Perpendicular Coupling is now purchasing the Accused Perpendicular Coupling from Faster, Inc.

## COUNT I—DIRECT INFRINGEMENT OF THE '502 PATENT

28. Parker and PI repeat the allegations set forth in Paragraphs 1-27 above as if fully rewritten.

29. Faster, Inc. has been and is directly infringing independent claims 1 and 11 and dependent claims 2-10 and 12-15 of the '502 Patent, by manufacturing, assembling, or importing and offering to sell and selling the Accused Parallel Coupling within this judicial district and elsewhere.

30. Faster, Inc., was given actual notice of the '502 Patent and its infringement of that patent through notice given by Parker to counsel for Helios, Faster, Inc.'s parent company, prior to the filing of this Complaint, which notice has gone unheeded.

31. Faster, Inc.'s sales of the Accused Parallel Coupling have hindered, if not eliminated, Parker's sales in the relevant product market.

32. As a result of Faster, Inc.'s direct infringement of the '502 Patent, Parker and PI have suffered and will continue to suffer damages, including diversion of customers, lost sales, and lost profits.

33. Faster, Inc., will continue to make/assemble/import, offer to sell and sell the Accused Parallel Coupling unless and until enjoined by this Court.

34. Parker and PI are without an adequate remedy at law.

## COUNT II—DIRECT INFRINGEMENT OF THE '018 PATENT

35. Parker and PI repeat the allegations set forth in Paragraphs 1-34 above as if fully rewritten.

6

36. Faster, Inc., has been and is directly infringing at least independent claims 1, 11 and 12 and dependent claims 2-8 of the '018 Patent with full knowledge that such manufacture/assembly/importation, offers for sale, sales and use infringe at least those claims.

37. Faster, Inc., was given actual notice of the '018 Patent and its infringement of that patent through notice given by Parker to counsel for Faster, Inc.'s parent company, Helios, prior to the filing of this Complaint, which notice has gone unheeded.

38. Parker has been hindered if not prevented from entering the relevant product market because of Faster, Inc.'s sales of the Accused Perpendicular Coupling.

39. As a result of Faster, Inc.'s infringement, Parker has suffered and will continue to suffer damages, including diversion of customers, lost sales, and lost profits.

40. Faster, Inc. will continue to make/assemble/import, offer to sell and sell the Accused Perpendicular Coupling unless and until enjoined by this Court.

41. Parker and PI are without an adequate remedy at law.

### COUNT III—WILLFUL INFRINGEMENT

42. Parker and PI repeat the allegations set forth above in Paragraphs 1-41 as if fully rewritten.

43. Parker has given Faster, Inc. and Faster Srl, through notice given to counsel for the parent company, Helios, notice of the '502 and '018 Patents and their infringement, which notice has gone unheeded.

44. Faster, Inc.'s, Faster Srl's and Helios' infringing conduct has been and is willful, with actual knowledge of the '502 Patent, and with knowledge that the

manufacture/assembly/importation, offer for sale, sales and use of the Accused Parallel Coupling infringes the '502 Patent.

45. Faster, Inc.'s, Faster Srl's and Helios' infringing conduct has been and is willful, with actual knowledge of the '018 Patent, and with knowledge that the manufacture/assembly/importation, offer for sale, sales and use of the Accused Perpendicular Coupling infringes the '081 Patent.

## COUNT IV—INDUCEMENT OF INFRINGEMENT

46. Parker and PI repeat the allegations set forth above in Paragraphs 1-45 as if fully rewritten.

47. Upon information and belief, Faster, Inc. acknowledges and promotes the design of the Accused Parallel Coupling and Accused Perpendicular Coupling (collectively, the "Accused Products") as being that of Faster Srl.

48. Helio's Internet publications acknowledge that it supplies products through Faster Srl and Faster, Inc.

49. Upon information and belief, at least some of the Accused Products are being made by Faster Srl in Italy and imported thereafter by Helios and Faster, Inc.

50. Upon information and belief, Internet publications and other promotions are made by Faster Srl and Helios with the specific intent to encourage infringing importation and sales of the Accused Products by Faster, Inc.

51. Faster, Inc., Faster Srl and Parker are competitors in the relevant product market.

52. Upon information and belief, as a competitor of Parker in the relevant product market, Faster, Inc. and Faster Srl have had knowledge of the '502 and '018 Patents since their respective dates of issue.

53. Upon information and belief, Faster Srl as developer and Helios as the parent company of Faster, Inc., have had actual knowledge of the '502 and '018 Patents and the alleged infringements since before Parker notified counsel for Helios of the same.

54. Upon information and belief, notwithstanding Defendants' knowledge, Faster, Inc., continues to import/assemble/manufacture, and Faster Srl and Helios to promote the Accused Products as available in the United States through Faster, Inc., and continue to supply the Accused Products to Faster, Inc.

55. The conduct of Faster Srl and Helios constitutes active inducement of infringement in violation of 35 U.S.C. §271(b).

56. The active inducement of infringement of Faster Srl and Helios is willful.

57. The active inducement of infringement of Faster Srl and Helios will continue unless enjoined by the Court.

58. Parker and PI are without an adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Parker and PI pray that this Court enter judgment to:

A. Enjoin Faster, Inc., Faster Srl and Helios, Inc., its directors, officers, employees, and all others acting in concert with them, from further infringement of the '502 and '018 Patents;

B. Order Faster, Inc. to account for its sales and profits from such infringement to Parker and PI;

9

C. Award Parker and PI damages from Faster, Inc., for direct infringement, together with pre-judgment and post-judgment interest;

D. Adjudge Faster, Inc. to be a willful infringer and treble the aforesaid damages pursuant to 35 U.S.C. §284;

E. Award Parker and PI damages from Faster Srl and Helios for inducement of infringement, together with pre-judgment and post-judgment interest;

F. Adjudge Faster Srl and Helios to be willful infringers and treble the aforesaid damages;

G. Enjoin Faster, Inc., Faster Srl and Helios from further Internet advertising of the Accused Products as being available from Faster, Inc. or other U.S. supplier thereby inducing said supplier to import the same;

H. Adjudge this case to be exceptional and award Parker and PI their reasonable attorneys' fees from Defendants pursuant to 35 U.S.C. §285;

I. Assess costs and interest against Defendants; and

J. Grant Parker and PI such other and further relief as is just.

## JURY DEMAND

Parker and PI request a jury as to all matters so triable.

Dated:  August 30, 2023

                                        Respectfully submitted,

<u>/s/ *Ray L. Weber*</u>
Ray L. Weber (0006497)
Laura J. Gentilcore (0034702)
RENNER, KENNER, GREIVE, BOBAK, TAYLOR & WEBER CO., L.P.A.
106 South Main Street, Suite 400
Akron, OH  44308
Telephone: (330) 376-1242
Facsimile:  (330) 376-9646
rlweber@rennerkenner.com
ljgentilcore@rennerkenner.com

*Attorneys for Plaintiffs*
*Parker-Hannifin Corporation and*
*Parker Intangibles, LLC*